Gneen, J.
delivered the opinion of the court.
In this case, the complainants, devisees of the late judge Gascon, of North Carolina, filed their petition in the Smith Circuit Court, for the sale of a large tract of land devised to them, lying in Smith county. A Decree was made, directing the clerk to make the sale according to the prayer of the petition— and report his proceedings to the court. The land consisted of a large tract, some seven thousand acres, which was surveyed, and laid off into convenient lots, and was advertised to be sold the 10th of June, 1846. Shortly before the sale, the Clerk received a letter from one of the complainants, Donaldson, dated Baltimore, 25th May, stating, that judge Manly, the guardian of the minor complainants, was prevented from attending the sale, by a bilious attack which then confinedLim to his room in that city — and requesting, in'behalf of judge Manly, that the sale be postponed.
Under the advice of- the circuit judge, the clerk declined postponing the sale, the same having been extensively advertised, and it was understood many persons designed attending, to purchase lands — it was thought a postponement might de *267 stroy confidence in future advertisements, and therefore the sale was made at the day appointed.
When the clerk’s report was made to the court, at the succeeding term, the complainants filed theirpetition, setting forth the price at which each lot had been sold, alleging that the lands were worth greatly more than they had brought, and praying that the biddings might be opened. Many of the purchasers of lots came in and agreed to make advances upon their bids, which were satisfactory to the complainants, and the sales were confirmed as to them, by consent — but the defendants, Young and Coker, having bought the lots Nos. 5 and 10, containing 1069 acres, for 13,501, refused to advance any thing thereon, and insisted on a confirmation of the sale.
The complainant, Donaldson, offered, in behalf of himself and Manly, to advance upon the defendants’ bid for lots No. 5 and 10, the sum of $1600, and insisted that the bidding be opened. The court, upon the whole case, refused to permit the biddings to be opened, and the complainants appealed to this court.
An application to the discretion of the court to open the bid-dings in a case like this, will not be yielded to, as a matter of course, merely on the ground of inadequacy of price, and an offer to advance 50 per cent upon the bid: — Nor do we think it ought to be refused, in all cases, except when there is fraud, or mistake, or special circumstances, affording a proper ground for equitable relief in cases of private contracts.
Many cases might be stated, where the circumstances attending a master’s sale, would be calculated to diminish the price of the property in such way as to make it proper to set aside the sale and open the biddings; but which in a private sale would not be such as to afford a ground of equitable relief. The decision of each case must depend upon its own circumstances.
In the case now before the court, the sale was not ordered, as the result of a pending litigation between adversaries; but parties, in order to a division of their estate, ask the aid of the court, under the statute, to assist them in selling their own land. The sale was ordered, and the day fixed, and advertís- *268 eel by the clerk for making the sale. The only two adult complainants are prevented from attending, by the sickness of one of them, and they request the clerk to postpone it. But the sale goes on in their absence, and their lots, worth, according to the proof, $5,345, are sold for only $3,501.
In a case like this, when the owners of land procure it to be sold for their own benefit, they should be permitted to control it. It is true, in this case, there were minors interested. But that circumstance should not have induced the court and clerk to disregard the wishes of the guardian. He had taken the responsibility to petition in their behalf, to bring these lands into market, and doubtless, intending to attend the sale, and protect their interests. When prevented from doing so, by an unfor-seen providence, it was the duty of the clerk, at his request, to appoint a subsequent day for the sale. If he might take the responsibility of bringing land of his wards to sale, surely he might be trusted to indicate the time at which the sale should take place; especially, when by a compliance with his wishes, they would have the benefit of his presence at the sale, by which their interests might be protected.
Suppose persons owning a tract of land in common, petition a sale thereof, under the statute, with a view to a division, each intending to bid for the whole; one of them is sick, and they all desire the clerk to postpone the sale, but he declines to do so, and the estate is sacrificed for two thirds of its value— could it be doubted that the biddings should be opened in such case? We think not. Nor do we see that such a case differs from the one before us.
Without, therefore, discussing the question, whether in an ordinary one of a chancery sale, the circumstances disclosed in this record, would demand the reversal of the decree below, we think that sales made for the accommodation of parties under the statute, stand upon a different footing, and are not subject to precisely the same principles.
This decree confirming the sale of lots No. 5 and 10, must be reversed and remanded to the Circuit Court of Smith county for the biddings to be opened, upon the petitioners, Donaldson and Manly, advancing 50 per cent, on the defendants bid; and *269 making the deposites and executing the bonds required in the original decree.
DECREE.
This cause was heard on a former day of the term upon the transcript of the record from the Circuit Court for Smith county, and upon argument of counsel on both sides. And the court, being thereupon of opinion, that where the proprietors of land apply to a court for authority to sell the same for the purpose of division, they have'the right and power to direct the time and manner of the sale, and that the Clerk and Master, in making the sale, ought as near as may be, to conform to their wishes in the premises; and it appearing to the court that, in this case, the clerk, under the instruction of the circuit judge, declined to postpone the sale though requested to do so by the guardian of the infant proprietors, whereby the lots Nos. 5 and 10 of said land in the record mentioned, were sold for a price much below their value, and that the court below denied an application to open the biddings, and confirmed the sale.
It is therefore ordered, adjudged and decreed, that the decree of the Circuit Court, confirming the sale of lots No. 5 and 10, be reversed, and that the cause be rewarded to the Circuit Court of Smith for the biddings to be opened upon the petitioners, Donaldson and Manly, advancing 50 per cent, on the defendant’s bid, and making the deposites and executing the bonds required in the original decree. And it is further adjudged, that the complainants pay the costs of the proceedings below, and that the costs in this court be paid by plaintiffs and the defendants each one half.